Sullivan, }
Dec., 1894. }

ALLEN *& a. v.* BIDWELL *& a.*

An act of the legislature dividing a town school-district into two taxing districts, for the separate maintenance of schoolhouses in each, is not unconstitutional.

PETITION, for the abatement of taxes assessed in 1894 by the selectmen of Charlestown. Facts agreed. The plaintiffs are taxpayers in the north part of the town, which, prior to 1885, comprised school districts numbered 5, 6, 7, and 12. At the annual school meeting of the town district in 1894, it was voted to build two new schoolhouses in the south part of the town at an aggregate expense of $6,500. Under this vote the selectmen assessed a tax upon the entire town district. The plaintiffs, claiming to be exempt from the payment of the tax by virtue of chapter 208, Laws 1889, seasonably applied to the selectmen for an abatement, which was refused.

*Hermon Holt*, for the plaintiffs.

*Hosea W. Parker* and *Ira Colby*, for the defendants.

*Per Curiam.** For the purposes of building and maintaining schoolhouses, the school district of Charlestown is divided into two taxing districts.   This is the obvious effect of chapter 208, Laws 1889, the first section of which provides: " That the persons and property in the school district of Charlestown, embraced in what was known as, and included, prior to 1885, in school districts numbered 5, 6, 7, and 12, in the town of Charlestown, shall be subject to taxation or assessment for the purpose of raising money for the erection, repairs, and insurance of all schoolhouses, school grounds, and buildings used for school purposes within said territory, and are hereby relieved and exempted from liability to taxation or assessment for the purpose of raising money for use for such purposes in all other parts of said district; and the persons and property in the remainder of said school district of Charlestown are hereby relieved and exempted from taxation or assessment for money for the erection, repairs, or insurance of all schoolhouses, school grounds, and buildings used for school purposes within said territory heretofore included in said former school districts numbered 5, 6, 7, and 12."   The defendants insist that this statute is unconstitutional because it authorizes the assessment of a different tax for building and maintaining schoolhouses in one part of the town school-district from what is authorized in the rest of the district.   But no reason is perceived why the legislature may not divide a town into two or more taxing districts for school purposes.   Cool. Con. Lim. 610.   The only inequality suggested, as the result of this legislation, is the liability that the schoolhouses of one part of the district may be used by scholars of the other part, under the direction of the board of education. If such use would be an illegal infringement of the law of equality in taxation, it could be prevented by legal process, which would not involve the question of the constitutionality of the act of 1889.   Any statute allowing such a use, passed before 1889, would be so far modified by the act of that year relating to the school district of Charlestown as to be consistent with it.

*Tax abated.*

WALLACE, J., did not sit: the others concurred.

---

* See foot note on page 22.